■ In the Matter of RACHEL M. PLASS, Appellant, v JOSEPHINE H. WATTERS, Respondent. [844 NYS2d 158]—

Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered February 10, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner is the biological mother of a daughter born in 1997. By order entered April 7, 2005 petitioner, who had not had custody of her daughter since late 2000, stipulated to respondent, the child's paternal grandmother, receiving sole custody of the child. Petitioner further agreed that she would have no visitation with the child and that her sole contact with the child would consist of sending the child one letter each month. Less than six months later, petitioner commenced the instant modification proceeding seeking, as set forth in her amended petition, "transitional visitation" with the child. Following a hearing, Family Court found, upon the report of the Judicial Hearing Officer, that petitioner had failed to demonstrate a sufficient change in circumstances to warrant modification of the April 2005 order. This appeal by petitioner ensued.

During the pendency of this appeal, petitioner commenced another modification proceeding in Family Court again seeking modification of the April 2005 order. That proceeding resulted in a July 2006 order fine-tuning petitioner's correspondence rights with her child but otherwise affirming, upon the parties' consent, that the April 2005 order directing that petitioner have no visitation with the child remain in full force and effect. While the July 2006 order arguably supplants the February 2006 order currently under review, given the particular facts of this matter, we decline to dismiss the instant appeal as moot.

Turning to the merits, it indeed is true that petitioner completed a variety of programs in an effort to regain custody of the child's half sibling. As Family Court correctly noted, however, the bulk of these programs and achievements were completed (or substantially completed) prior to entry of the April 2005 order. Hence, they are insufficient to support a finding of a change in circumstances. To the extent that petitioner contends that Family Court failed to engage in the requisite "extraordinary circumstances" analysis before depriving her of custody in the first instance, we need note only that the instant appeal concerns the propriety of the denial of her modification petition and, on that point, we have no quarrel with Family Court's determination.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.